**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3770
_____

CASSANDRA SCIPIO

v.

COMMISSIONER OF SOCIAL SECURITY


Cassandra Y. Scipio,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:12-cv-04562)
District Judge:  Honorable Ronald L. Buckwalter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2015

Before: CHAGARES, JORDAN and COWEN, Circuit Judges

(Filed: May 11, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Appellant Cassandra Scipio appeals the District Court's order affirming the final decision of the Commissioner of Social Security denying her request for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act (the "Act"). For the reasons set forth below, we will affirm the District Court's judgment.

Because we write primarily for the benefit of the parties, we will only briefly summarize the essential facts. In 2008, Scipio filed applications for DIB and SSI. She alleged that she was disabled, and thus entitled to these benefits, as a result of a stroke and difficulty with walking and breathing. After Scipio's application was denied, she requested a hearing before an Administrative Law Judge (ALJ). Before the ALJ, the parties presented a variety of documentary evidence, including medical and mental-health evaluations from several physicians. In February 2009, after holding a hearing, the ALJ denied Scipio's request for benefits. Scipio appealed the ALJ's decision to the Appeals Council, which denied review.

Scipio then sought review in the United States District Court for the Eastern District of Pennsylvania. On June 7, 2010, the District Court remanded the case for further administrative proceedings, determining that the ALJ failed to fully discuss all of the relevant medical evidence in the case and, therefore, did not support his finding with substantial evidence. On remand, the ALJ held another administrative hearing in the case

constitute binding precedent.

2

at which Scipio testified.  The ALJ issued a new decision on March 24, 2011, finding that

Scipio was not disabled.  In rendering this decision, the ALJ applied the five-step

sequential evaluation process for determining disability.  See 20 C.F.R. § 404.1520(a)

and § 416.920(a); Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).[1]  Specifically, the

ALJ concluded that there was no objective medical evidence demonstrating that Scipio

had ever had a cerebrovascular accident ("CVA" or stroke) or a transient ischemic attack

("TIA").  Although the ALJ did find that Scipio had a medically determinable mental

impairment, he concluded that there was no evidence that the impairment was so severe

as to significantly limit Scipio's ability to do basic work activities.  As part of this

finding, the ALJ determined that Scipio's subjective complaints of pain were not entirely

credible because they were contradicted, at least in part, by the medical evidence.

Consequently, the ALJ determined that Scipio was not disabled and thus not entitled to

DIB or SSI.

On July 6, 2012, the Appeals Council denied Scipio's exceptions to the decision,

and accordingly, the ALJ's March 24, 2011 decision became the Commissioner's final

decision.  Scipio commenced another civil action in the District Court seeking review of

---

[1] The Commissioner must determine: (1) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments; (3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform her past relevant work; and (5) whether the applicant is capable of performing other jobs that exist in the national economy, considering her age, education, work

that decision. The District Court, adopting the Magistrate Judge's Report and Recommendation over Scipio's counseled objections, affirmed the ALJ's decision. Scipio filed a timely notice of appeal from the District Court's order.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Like the District Court, we must uphold the ALJ's findings — including credibility determinations — if they are supported by substantial evidence. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Burns v. Barnhart, 312 F.3d 113, 130 (3d Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. (quotation marks omitted).

In her informal brief, Scipio primarily disputes the ALJ's finding that she did not have a stroke. Scipio claimed that, in August 2007, she suffered a stroke and that she had several mini-strokes thereafter. Scipio indicated that as a result of those strokes, she has experienced various impairments, including memory loss and difficulty ambulating. The ALJ determined that the medical record of evidence did not document Scipio's ever having experienced a CVA or TIA, or any resultant limitations. Thus, Scipio's alleged stroke was not a medically determinable impairment.

Eligibility for disability insurance benefits under the SSA is conditioned on

---

experience, and residual functional capacity. See 20 C.F.R. § 404.1520(a)(4).

compliance with all relevant requirements of the statute. "[A] disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents [her] from engaging in any substantial gainful activity for a statutory twelve-month period." Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (internal quotation marks and citations omitted); see also 42 U.S.C. § 423(d)(1)(A). A "medically determinable" impairment is one that results from anatomical, physiological, or psychological abnormalities demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

We agree that the available records documenting Scipio's neurological or cardiovascular health during the relevant period supported the ALJ's conclusion that Scipio did not experience a CVA or TIA. As the ALJ discussed, although the record is replete with Scipio's subjective complaints that she experienced strokes, there is simply no clinical or objective evidence to support her claims. To the contrary, the evidence in the form of MRI and MRA results reasonably supported a finding that she did not, at any point, experience a CVA or TIA. Accordingly, substantial evidence supports the ALJ's determination.

Scipio also argues in her brief that the ALJ improperly assessed her credibility. However, we agree with the District Court that the ALJ's credibility finding was fully explained and supported by substantial evidence. When making determinations as to a claimant's credibility, an ALJ must "determine the extent to which a claimant is

5

accurately stating the degree of pain or the extent to which he or she is disabled by it."

Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).  In assessing Scipio's credibility, the ALJ found that Scipio had made numerous misrepresentations to medical providers regarding her medical conditions.  Specifically, although Scipio repeatedly claimed that she had suffered a stroke, there was no medical evidence to support her claim.  And, although Scipio claimed that she was unable to work or perform daily activities as a result of her symptoms, the ALJ noted that no treating or evaluating physician has ever suggested that Scipio cannot work because of her impairment.  See id. at 363 (holding that the ALJ properly evaluated credibility where he "cited specific instances where [claimant's] complaints about pain and other subjective symptoms were inconsistent with" the objective medical evidence of record).  Accordingly, we will not disturb the ALJ's findings on this ground.

We have considered Scipio's remaining arguments on appeal and conclude that they are without merit.  Accordingly, we will affirm the District Court's judgment.